IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV38-02-MU

| | |
|---|---|
| RO'SHA' LAFRAN BENNETT )<br>    Plaintiff,           )<br>                         )<br>    v.                   )<br>                         )<br>(FNU) STEVENS, Supervi-  )<br>  sing Nurse at the     )<br>  Lanesboro Correctional )<br>  Institution;           )<br>(FNU) KEILER, Nurse at   )<br>  the Lanesboro Correc-  )<br>  tional Institution; and)<br>DEREK JAMES, Assistant   )<br>  Superintendent at the  )<br>  Lanesboro Correctional )<br>  Institution,           )<br>    Defendants.          )<br>_____) | O R D E R |

**THIS MATTER** comes before the Court on initial review of plaintiff's civil rights form-Complaint under 42 U.S.C. §1983, filed January 30, 2006. For the reasons stated herein, the Court shall dismiss the instant Complaint.

As best as can be understood from his Complaint, the plaintiff is attempting to allege a claim for deliberate indifference against the above-named defendants. More particularly, the instant Complaint asserts that in March 2004, the plaintiff sustained injuries from a weight-lifting accident. Such injuries caused the plaintiff to develop double vision. Ultimately, the plaintiff underwent facial reconstructive surgery.

At some subsequent point, the plaintiff became a patient at the Duke University Eye Clinic. As a result of his treatment, the plaintiff also underwent one or more procedures to correct his vision at Eye Clinic. The plaintiff's last visit at the Eye Clinic was in May or June of 2005, at which time he was advised that his final procedure was a "success," but that he would need to wear glasses in order to experience perfect, 20/20 vision. Consequently, at that time, the treating physician gave the plaintiff a prescription for eye glasses.

However, the plaintiff alleges that by August 2005, he still had not received his eye glasses. Therefore, the plaintiff began complaining that he was experiencing headaches and blurred vision, and he requested his glasses. The plaintiff does not allege that he asked to be seen by a specialist. In any case, when the plaintiff complained to defendant Nurses Stevens and Keiler, he did not obtain an appointment with the Prison's ophthalmologist. Rather, the nurses explained to the plaintiff that his prescription had been lost, and they assured him that his glasses would eventually be provided.

In the meantime, before the subject glasses were obtained, the plaintiff reports that he was taken to a private ophthalmologist who diagnosed him with glaucoma. It essentially is on the basis of that diagnosis that the plaintiff contends that the defendants are liable to him.

That is, the plaintiff argues that had the defendants sent him to a specialist sooner than they did, his condition could have been diagnosed and treated before it progressed to its current stage. By way of relief, the plaintiff is seeking hundreds of thousands of dollars in damages, along with a declaratory judgment stating that he "was denied immediate[] adequate medical care."

Notwithstanding his strong beliefs to the contrary, the plaintiff cannot state a claim for relief on the basis of the foregoing allegations. Indeed, the Court first notes that glaucoma is an eye disease, which typically is not, if ever, caused by the lack of prescription glasses. Therefore, to the extent that the plaintiff may be suggesting that he has developed glaucoma as a result of his not having immediately received his glasses, such allegation cannot possibly prevail. To put it simply, in the absence of any allegations which can connect the plaintiff's condition with the delay which he experienced, he simply cannot establish the necessary causal link upon which liability can be based.

Second, while the plaintiff appears to have regrettably experienced a delay in his being seen by the specialist who diagnosed him with glaucoma, that fact still does not establish deliberate indifference on this record. Under the law, in order to state a claim for relief on a theory of deliberate indif-

ference, the plaintiff must allege that the defendants knew of and disregarded an excessive risk to his health and safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). Here, even when concluding that glaucoma constitutes a serious medical condition, he cannot possibly demonstrate that the defendants showed disregard for such condition on these facts.

To be sure, by his own admission, within the nearly two year period following his weight lifting injury, the plaintiff underwent numerous surgical and corrective procedures, including facial reconstruction, in order to treat his medical problems. In addition, during that time period, the plaintiff was treated by several specialists, and his conditions have been improved. Therefore, the plaintiff's own allegations preclude this Court from finding indifference.

Rather, the plaintiff's allegations demonstrate, at most, that Nurses Stevens and Keiler may have been negligent in having lost the plaintiff's prescription, or for having failed to realize that his headaches and blurred vision were symptoms of a serious condition which was unrelated to his other eye difficulties. However, it is well settled that neither malpractice nor negligent treatment can state a constitutional claim for relief in the context of an action brought under §1983. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976); <u>Johnson v. Quinones</u>, 145 F.3d 164, 168 (4th Cir. 1998); <u>Sosebee v. Murphy</u>, 797 F.2d 179, 181-82 (4th

4

Cir. 1986). Thus, these defendant's cannot be held liable to the plaintiff.

Finally, as for defendant James, the plaintiff has failed to set forth a single allegation demonstrating that this defendant actually had any involvement with his case. Thus, because it is equally well settled that supervisory liability can only be imposed when, <u>inter alia</u>, the defendant had actual or constructive knowledge of the unlawful conduct, the plaintiff clearly cannot state a claim for relief against defendant James on these facts.

In sum, the plaintiff has failed to state a claim for relief against any of the defendants; therefore, the instant Complaint must be <u>dismissed</u> in its entirety.

**NOW, THEREFORE, IT IS ORDERED THAT** the plaintiff's Complaint is **DISMISSED** for his failure to state a constitutional claim for relief. <u>See</u> 28 U.S.C. §1915A(1)(b)

**SO ORDERED.**

Signed: February 24, 2006

Graham C. Mullen
United States District Judge